*10*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

NOV 0 7 2002

Michael N. Milby
Clerk of Court

LAURA ESTELLA SALAZAR-REGINO,   )
                                )
v.                              )   C.A.  B-02-045
                                )
E.M. TROMINSKI, et al.          )
_____)

**FURTHER POINTS AND AUTHORITIES IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, by the undersigned, further supports her petition for habeas corpus by showing that, as seen from subsequent amendments to the U.S. Sentencing Guidelines, the Fifth Circuit erred in its interpretation of 18 U.S.C. §924(c) [1] in *U.S. v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001), and that said case is no longer viable either in the immigration, or Sentencing Guideline, context.

The definition of "aggravated felony" applicable herein is 8 U.S.C. §1101(a)(43)(B), which incorporates the following offenses:

> (B)  illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act [21 U.S.C. §802]), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code).

The assertion that a simple possession offense can be a "drug trafficking crime" is counterintuitive. Indeed, the BIA previously observed that "[t]he offense of simple possession would appear to be one example of a drug-related offense not amounting to the common definition of 'illicit trafficking.'" *Matter of Davis*, 20 I&N Dec. 536,541 (BIA 1990). Characterizing such an offense as a "drug trafficking offense" is reminiscent of an anecdote attributed to Abraham Lincoln. Lincoln asked a young lawyer, "How many legs does a cow have, if we call the tail a leg?" The young lawyer replied that, under those conditions, the cow would have five legs.

---

[1] As applied through 8 U.S.C. §1101(a)(43)(B)

"Four," disagreed Lincoln. "Calling a tail a leg doesn't make it one." With apologies to President Lincoln, calling simple possession a "drug trafficking crime" doesn't make it one.

Clearly, the intent of §1101(a)(43)(B) was to cover offenses related to **trafficking** in drugs, not simple possession. In *Matter of L-G-*, 21 I&N Dec. 89 (BIA 1995), and again in *Matter of K-V-D-*, 22 I&N Dec. 1163 (BIA 1999), the BIA attempted to implement this provision by construing it as limited to offenses which would be felonies under federal law, regardless of their treatment by the various states. This had the effect of excluding simple possession offenses of all controlled substances except crack cocaine, the possession of any amount of which is a felony under federal law.

In *Hernandez-Avalos, supra,* which was **a Sentencing Guidelines case,** the Fifth Circuit disapproved of *K-V-D-*. in relatively strong *dicta*, opining that the language in §1101(a)(43)(B) "including a drug trafficking crime (as defined in section 924(c) of title 18..." was meant to cover all offenses which were felonies under state law, regardless of how they would be treated under federal law. However, effective November 1, 2001, some six months after *Hernandez-Avalos,* the Guidelines were amended, to give effect to the plain meaning of the language, by making it explicit that a "drug trafficking crime" had to include a trafficking component. U.S.S.G. §2L1.2(b)(1)(C,D), comment. (n.2), 18 U.S.C.A. [2]

---

[2] The definition as adopted on November 1, 2001, reads, in relevant part, as follows, at §2L1.2, comment. (n.1(B)(iii)):

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.

2

A few weeks later, this new provision was interpreted by Senior Judge Justice, in *U.S. v. Sanchez,* 179 F.Supp.2d 689 (W.D.Tx 2001). In that case, Judge Justice applied the rule of lenity, [3] and concluded that offenses involving simple possession of a controlled substance were not "aggravated felonies" within the meaning of the amended Sentencing Guidelines. Although the Court therein reiterated the *dicta* of *Hernandez-Avalos* that the offense was still an "aggravated felony" under the immigration laws, it is urged that this interpretation can no longer stand.

The injustice of this interpretation is apparent not only in cases such as the one at bar, where an LPR was granted deferred adjudication at a time when this disposition did not even constitute a "conviction" for immigration purposes, but also in instances where an LPR is convicted of simple possession of small amounts of cocaine, such as in *Oveido-Sifuentes v. Arendale,* CA B-02-198, presently pending before this Honorable Court. In Texas, simple possession of any "visible and measurable" amount of cocaine, no matter how trivial, is a felony. Texas Health & Safety Code §§481.102(3)(D) and 481.115(d). *See also, Kemp v. State,* 861 SW2d 44 (App. 14 Dist. 1993) ("specks" of white powder in baggie, weighing .5 milligrams, sufficient to sustain a conviction).

Therefore, if the *dicta* in *Hernandez-Avalos* is given effect, LPRs such as Ms. Salzar herein would be considered to have been convicted of aggravated felonies, and would not be eligible for any form of relief from deportation, no matter their equities.

---

[3] Because of the harshness of deportation, particularly in the context of lawful permanent residents, the rule of lenity also applies to the construction of deportation statutes. *See, e.g., INS v. Cardozo-Fonseca,* 94 L.Ed2d 434,459 (1987) (reaffirming "the long-standing principle of construing any lingering ambiguities in deportation statutes in favor of the alien.").

As has been previously briefed, this raises serious constitutional issues, under the Equal Protection clause; [4] as a violation of Procedural Due Process, [5] and Substantive Due Process, in the context of overbroad statutes which interfere with protected family interests, such as the "conclusive presumption" involved herein that no non-citizen, regardless of her family ties, and the minimal nature of her offense, is worthy of remaining in the U.S.. [6]

As reiterated in INS v. St. Cyr, INS v. St. Cyr, 121 S.Ct. 2271 (2001), and Zadvydas v. Davis, supra, such serious constitutional doubts mitigate in favor of finding a statutory interpretation which would avoid reaching the constitutional concerns, even if one is required to "stretch" the statutory language in order to do so.

---

[4] In the Ninth Circuit, deferred adjudication is not considered to be a conviction, and such persons would not even be subject to removal. Lujan-Armendariz v. INS and Roldan-Santoyo v. INS, 222 F.3d 728 (9th Cir. 2000). In both the Second and Third Circuits, a conviction for simple possession of a controlled substance is not considered to be an aggravated felony. See, Aguirre v. INS, 79 F.3d 315 (2d Cir.1996); U.S. v. Pornes-Garcia, 171 F.3d 142 (2nd Cir. 1999), and Gerbier v. Holmes, 280 F.3d 297 (3rd Cir. 2002).

[5] Although deportation is a civil, rather than criminal penalty, even in the context of civil cases, there are certain protections against the retroactive application of unexpected punishment. See, e.g., BMW v. Gore, 517 U.S. 559, 574 (1996):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

[6] See, e.g., Zadvydas v. Davis, 121 S.Ct. 2491 (2001), and cases such as Hoang v. Comfort, 282 F.3d 1247 (10th Cir. 2002); Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002), and Patel v. Zemski, 275 F.3d 299 (3rd Cir. 2001), applying retroactivity and Substantive Due Process principles in other contexts relating to immigrants.

4

Here, however, such a statutory interpretation is clear, as is the means of distinguishing *Hernandez-Avalos, supra*. As held by the BIA as early as 1990,[7] and as more recently demonstrated by the amendments to U.S.S.G. §2L1.2(b)(1)(C,D), comment. (n.2), simple possession of a controlled substance is **not** a drug trafficking crime, either for purposes of 18 U.S.C. §924(c), or therefore, under 8 U.S.C. §1101(a)(43)(B).

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226
Fed. ID. 1178
Texas Bar 03052800

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, TX 78551, on November 6, 2002.

---

[7] *Matter of Davis, supra.*