United States District Court
Southern District of Texas
FILED

MAY 29 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LAURA ESTELLA SALAZAR-REGINO, )
)
v. ) C.A. B-02-045
)
E.M. TROMINSKI, et al. )
)

**PETITIONER'S NOTICE OF PERTINENT DECISION**

Petitioner, through counsel, hereby files the instant Opinion by the Honorable District Court Judge Robert Blackburn, in *Gonzalez-Gonzalez v. Weber,* No. Civ. 03-RB-0678 (MJW), United States District Court for the District of Colorado, May 22, 2003.

In said opinion, Judge Blackburn grants the petition for habeas corpus, and orders that the petitioner be allowed to apply for cancellation of removal, under 8 U.S.C. §1229b(a), where he had obtained a modification of his plea in order to bring himself within the terms of *In re L-G-,* 21 I&N Dec. 89 (BIA 1995), which held that a conviction for simple possession of a controlled substance was not an aggravated felony.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road          Fed. ID. 1178
San Benito, TX 78586             Texas Bar 03052800
(956) 421-3226 (voice)           (956) 421-3423 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was personally served on the Office of Lisa Putnam, SAUSA, this 28th day of May, 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

FILED
UNITED STATES DISTRICT COURT
DENVER, COLO

MAY 22 2003

JAMES R. MANSPEAKER
_____ CLERK

Civil Case No. 03-RB-0678 (MJW)

JUAN DE DIOS GONZALEZ-GONZALEZ,

    Applicant,

v.

SCOTT WEBER, U.S. Bureau of Immigration and Customs Enforcement (BICE), Denver, Colorado

    Respondent.

## ORDER GRANTING APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the applicant's Petition for Writ of Habeas Corpus [# 1], filed April 15, 2003, and the Respondent's Response to Petition for Writ of Habeas Corpus, and Motion to Dismiss [# 14], filed May 9, 2003. The applicant filed a traverse [# 15] on May 13, 2003. The applicant seeks relief under 28 U.S.C. § 2241 which provides, inter alia, that the writ may extend to a person "in custody in violation of the Constitution or laws or treaties of the United States."

The applicant, Juan de Dios Gonzalez Gonzalez, currently is subject to an order of removal imposed and enforced by the U.S. Bureau of Immigration and Customs Enforcement (BICE). The BICE is an agency of the newly formed Department of Homeland Security. The BICE is the successor to the functions of the Immigration and Naturalization Service (INS). Gonzalez claims that he is entitled to apply for cancellation of removal under 8 U.S.C. § 1229b(a). In his application he seeks an order requiring the BICE to provide him with a cancellation of removal hearing. The BICE

argues that Gonzalez is not eligible to apply for cancellation of removal because Gonzalez has been convicted of an aggravated felony.

## FACTS

Gonzalez is a citizen of Mexico. He became a lawful permanent resident in 1990. On August 8, 1997, Gonzalez pleaded guilty in a Colorado state court to possession with intent to distribute a controlled substance, cocaine. As a result of this conviction, the Immigration and Naturalization Service (INS) issued an Order to Show Cause and Notice to Appear (OSC) to Gonzalez. The OSC charged that Gonzalez was subject to removal from the United States under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) because he was an "aggravated felon." In addition, the notice charged that Gonzalez was subject to removal from the United States under Section 237(a)(2)(B)(i) of the INA because he had been convicted of a crime relating to a controlled substance. Subsequently, an immigration judge ordered Gonzalez removed from the United States, and Gonzalez appealed that decision.

While Gonzalez' appeal of the immigration judge's order was pending, Gonzalez filed an application for post-conviction remedy with the state court. *Traverse*, Exhibit 2. In his application Gonzalez argued that he unknowingly pleaded guilty to an offense that constitutes an aggravated felony under the INA. *Id.*, p. 2. The state court permitted Gonzalez to withdraw his plea and to enter a plea of guilty to a lesser offense. On May 12, 1999, Gonzalez pleaded guilty to the lesser offense of possession of a controlled substance, often referred to as simple possession. Gonzalez says he arranged this second plea to ensure that his conviction would not constitute an "aggravated felony" for the purpose of his INS removal proceedings. Gonzalez'

2

Application for Post-Conviction Remedy indicates that the immigration consequences of his plea were the key issue which underlay the withdrawal of his first plea and the substitution of his second plea. *Id.*, Exhibit 2. Again, absent a conviction for an aggravated felony, Gonzalez may apply for cancellation of removal.

On March 14, 2003, the BIA issued its final decision in Gonzalez' appeal of the immigration judge's order of removal. *Response*, Exhibit C. The BIA held that Gonzalez is properly considered an aggravated felon based on his conviction for simple possession. *Id.* Thus, the BIA upheld the immigration judge's order of removal and denied Gonzalez the opportunity to apply for cancellation of removal. The BIA relied on its recent decision in *In re Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002). In *In re Yanez-Garcia*, the BIA held that a conviction for simple possession is an aggravated felony under the INA. *Yanez-Garcia* reversed earlier rulings by the BIA which held that a conviction for simple possession is not an aggravated felony under the INA.

The key issue in this case is whether or not Gonzalez is entitled to apply for a discretionary waiver of removal under 8 U.S.C. § 1229b(a). It is undisputed that if Gonzalez properly is considered to be an aggravated felon, he is not entitled to apply for a waiver of removal. On the other hand, if Gonzalez is not properly categorized as an aggravated felon, he is entitled to apply for waiver of removal. If he is permitted to apply for such a waiver, Gonzalez would be provided a hearing where he could attempt to show the bad effect his removal would have on his family of citizens and lawful permanent residents. Presumably, at such a hearing the immigration judge would balance these bad effects against the risk of Gonzalez' continued presence in the country.

3

## I. EXHAUSTION OF REMEDIES

The respondent argues that Gonzalez is not entitled to apply for habeas relief because he has not exhausted other remedies available to him. According to the respondent, Gonzalez could appeal the BIA's decision upholding his order of removal to the United States Court of Appeals for the Tenth Circuit. Gonzalez has not done so.

Gonzales argues that he is barred from seeking relief in the Tenth Circuit under 8 U.S.C. § 1252(a)(2)(C). Section 1252 provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section" 1227(a)(2)(A) or (B). Section 1227(a)(2)(A) concerns, inter alia, convictions for aggravated felonies. Section 1227(a)(2)(B) concerns convictions relating to controlled substances, whether or not such convictions are aggravated felonies. Gonzalez concedes that he has suffered a conviction related to a controlled substance, and argues that review of his removal order in the Tenth Circuit is barred under § 1227(a)(2)(B).

Citing *Khalayleh v. INS*, 287 F.3d 978, 979 (10th Cir. 2002), the respondent argues that the Tenth Circuit has permitted an aggravated felon challenging a final order of removal to petition for review in the Tenth Circuit, despite the jurisdictional bar of § 1252. *Khalayleh* does not support the respondent's position on this issue. In *Khalayleh*, the petitioner sought review of the BIA's determination that the petitioner had been convicted of an aggravated felony, and thus was subject to removal. The Tenth Circuit held that it had jurisdiction to determine the applicability of the jurisdictional bar of § 1252(a)(2)(C), concerning aggravated felonies. *Id.* at 979.

4

Finding that Khalayleh had been convicted of an aggravated felony, the court concluded that it did not have jurisdiction over Khalayleh's appeal. *Id.* at 980. The court noted that "(i)ronically, our resolution of the jurisdictional issue also resolves the merits of the petition that we lack jurisdiction to review." *Id.* at 979.

*Khalayleh* stands for the proposition that the Tenth Circuit does not have jurisdiction over Gonzalez' challenge to his designation as an aggravated felon. Gonzalez is not required to present his claim to a court which has held that it does not have jurisdiction over such claims in order to exhaust his other available remedies. Gonzalez' application is not subject to dismissal for failure to exhaust other available remedies.

## II. ELIGIBILITY FOR CANCELLATION OF REMOVAL HEARING

The ultimate question presented by Gonzalez' application is whether his controlled substance conviction bars him from applying for cancellation of removal under § 1229b(a). Section 1229b(a) permits an alien to apply for cancellation of removal if the alien:

> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>
> (3) has not been convicted of any aggravated felony.

The term aggravated felony is defined at 8 U.S.C. § 1101(a)(43). Gonzalez meets the first two requirements of § 1229b(a), but the BICE claims he does not meet the third requirement because of his conviction for simple possession.

5

Gonzalez argues that he pleaded guilty to possession of a controlled substance in May of 1999 relying on then-established law holding that a conviction for simple possession did not constitute an aggravated felony. Absent a conviction for an aggravated felony he was and is eligible to apply for cancellation of removal under § 1229b(a). He argues that his reliance on the law as it stood in May of 1999 should be protected by permitting him to apply for cancellation of removal.

### A. Cases Defining "Aggravated Felony"

On September 27, 1995, the United States Board of Immigration Appeals issued its decision in *In re L-G-*, 21 I&N Dec. 89 (BIA 1995). The BIA held that "a single offense of simple possession of cocaine under state law does not qualify as an aggravated felony" for the purpose of the INA. *Id.* at 96. The BIA noted in *L-G-* that the Second Circuit had specifically held that such a conviction is an aggravated felony. The BIA noted that it follows the decisions of a circuit court in cases arising in that circuit. Thus, the BIA held in *In re L-G-* that it would apply its decision in all circuits except the Second Circuit. *Id.* at 102. Under the holding in *In re L-G-*, Gonzalez' conviction for possession of a controlled substance does not constitute an aggravated felony for the purpose of the INA.

On April 16, 1996, the Tenth Circuit issued its decision in *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir.), *cert. denied* 519 U.S. 885 (1996). *Cabrera-Sosa* concerned the application of the term "aggravated felony" in the context of the United States Sentencing Guidelines (USSG). The court held in *Cabrera-Sosa* that a state conviction for simple possession of cocaine constitutes an aggravated felony for

6

the purpose of the USSG. Although *Cabrera-Sosa* concerned the USSG, and not immigration law, *Cabrera-Sosa* is instructive because the application notes to § 2L1.2(b) of the USSG specifically incorporate the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), the same definition in question here. *See United States v. Castro-Rocha*, 323 F.3d 846, 849 (10th Cir. 2003).

On December 10, 1999, the BIA issued its decision in *In re K-V-D-*, 22 I&N Dec. 1163 (BIA 1999). The BIA noted in *K-V-D-* that, for the purpose of applying the USSG, some circuit courts of appeal had adopted a definition of "aggravated felony" different from the BIA's definition. Despite this difference, the BIA concluded in *K-V-D-* that the approach it took in *In re L-G-* was correct, and explicitly reaffirmed *In re L-G-* for the purpose of applying the terms of the INA.

On May 13, 2002, the BIA reversed its previous holdings on this question. In *In re Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002), the BIA concluded that any conviction that is a drug related felony under state law constitutes an aggravated felony for the purpose of federal immigration law. In Gonzalez' case, the BIA relied on *Yanez-Garcia* in upholding the determination that Gonzalez had been convicted of an aggravated felony.

### B. Gonzalez' Reliance

Gonzalez argues that he relied on the law established in *In re L-G-* when he entered his guilty plea in May 1999. He says he relied on the fact that, under *In re L-G-*, a conviction for simple possession did not constitute an aggravated felony and thus would not bar him from applying for cancellation of removal. He argues that

7

the BICE now seeks to apply a different definition of aggravated felony which includes a conviction for simple possession. Such a retroactive change in this definition, Gonzalez argues, undermines his reliance on the law as it stood in May of 1999, and therefore violates his right to due process of law. The respondent concedes that if the standard stated in *In re K-V-D-* is applied Gonzalez is not an aggravated felon and is eligible to apply for cancellation of removal. *Response*, p. 4. Again, *In re K-V-D-* upheld the definition of aggravated felon established in *In re L-G-*.

In *INS v. St. Cyr*, 533 U.S. 289 (2001), the Supreme Court examined the retroactive effect of changes in immigration law affecting the availability of discretionary relief from deportation. St. Cyr, a lawful permanent resident, pleaded guilty to a criminal offense at a time when he would have been eligible for a waiver of deportation, often referred to as § 212(c) relief, despite the conviction. St. Cyr entered his guilty plea in March 1996. Removal proceedings were not begun against St. Cyr until April 1997, after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) both had become effective. Those acts included comprehensive amendments to the INA.

After these amendments to the INA, St. Cyr no longer was eligible to apply for a waiver of deportation because of the nature of his criminal conviction. Arguing that he had relied on the availability of a waiver of deportation, or § 212(c) relief, when he entered his plea, St. Cyr challenged the application of the AEDPA and IIRIRA to him. The Supreme Court held that "§ 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who,

8

notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326.

The *St. Cyr* Court applied the retroactivity analysis adopted by the Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). In *Landgraf* the Court said:

> Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."

*Landgraf*, 511 U.S. at 265 (quoting *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990) (Scalia, J., concurring). "The Due Process Clause . . . protects the interests in fair notice and repose . . ." *Landgraf*, 511 U.S. at 266 (concerning retroactive legislation).

When Gonzalez' entered his second plea on May 12, 1999, the rule established in *In re L-G-* was the controlling law. Again, under *In re L-G-* a conviction for simple possession of cocaine does not constitute an aggravated felony when determining the immigration consequences of such a conviction. Although the Tenth Circuit's opinion in *Cabrera-Sosa* also was issued before Gonzalez entered his second plea, *Cabrera-Sosa* did not make Gonzalez reliance on *In re L-G-* unreasonable. *Cabrera-Sosa* concerned the application of the USSG, and thus was only tangentially relevant to Gonzalez' circumstances. *In re L-G-*, on the other hand, was directly applicable to the immigration consequences of Gonzalez' plea. At the time of his second plea, Gonzalez reasonably could rely on the holding in *In re L-G-* as defining the key immigration consequence of his plea: whether or not he was pleading guilty to an aggravated felony.

9

It is clear that Gonzalez actually did rely on his understanding that a conviction for simple possession would not constitute an aggravated felony for the purpose of his immigration status.

The BIA's May 13, 2002, decision in *In re Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002), if applied to Gonzalez, upsets Gonzalez' reasonable expectations and reliance on the law as it stood on May 12, 1999, when he entered his second plea. In entering his guilty plea, Gonzalez waived several of his constitutional rights, including the right to a trial. When waiving these rights, Gonzalez relied on the reasonable expectation that he would remain eligible for cancellation of removal despite his plea and conviction. It is clear from the documents submitted by Gonzalez that his eligibility for cancellation of removal was his primary motivation for seeking to withdraw his earlier plea, and to re-plead to a lesser offense.

As in *St. Cyr*, Gonzalez' conviction was obtained through a guilty plea at a time when the law provided that he would be eligible for cancellation of removal notwithstanding his conviction. As in *St. Cyr*, a subsequent change in the law now purports to make Gonzalez ineligible for cancellation of removal because of the nature of his conviction. As in *St. Cyr*, this change in the law, as applied by the BICE, attaches a new and significant disability to transactions and considerations already past. The change, as applied to Gonzalez, has "an obvious and severe retroactive effect." *St. Cyr*, 533 U.S. at 325.

Although *St. Cyr* involved the retroactive effect of a statute, as opposed to case law interpreting a statute, the retroactive effect in question here is the same. The

10

retroactive application of a significant change in case law also can amount to a violation of an individual's right to due process of law. *See, e.g., Marks v. U.S.*, 430 U.S. 188, 191 - 92 (1977) (Due Process Clause protects against judicial action which results retroactive application of new definition of criminal conduct). Gonzalez' relied on the law as it stood when he made the crucial decision to plead guilty to a certain criminal offense. The application of new law as proposed by the BICE undermines this reliance in a fundamental way, and has a severe retroactive effect. Under the circumstances of this case, permitting the BICE to undermine Gonzalez' reasonable reliance on the law by declaring Gonzalez' conviction for simple possession to be an aggravated felony violates Gonzalez' right to due process of law.

**THEREFORE IT IS ORDERED AS FOLLOWS:**

1) That the applicant's Petition for Writ of Habeas Corpus [# 1], filed April 15, 2003, is **GRANTED**;

2) That pursuant to FED. R. CIV. P. 58, **JUDGMENT SHALL ENTER** in favor of the applicant, Juan de Dios Gonzalez Gonzalez, and against the respondent, Scott Weber, U.S. Bureau of Immigration and Customs Enforcement (BICE);

3) That the respondent is **ORDERED** to permit the applicant to apply for cancellation of removal under 8 U.S.C. § 1229b(a);

4) That the respondent is **ORDERED** to provide the applicant with a hearing on his application for cancellation of removal under 8 U.S.C. § 1229b(a);

5) That the respondent is **ENJOINED** from viewing the applicant's May 12, 1999, conviction for possession of a controlled substance as an aggravated felony, as

defined in 8 U.S.C. § 1101(a)(43), for the purpose of the applicant's request for cancellation of removal under 8 U.S.C. § 1229b(a);

6) That the applicant shall be awarded his costs under FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 2412(a)(1), and those costs shall be taxed as provided in D.C.COLO.LCivR 54.1; and

7) That because the position of the United States in this action was substantially justified, the applicant's request for an award of attorney fees is DENIED under 28 U.S.C. § 2412(d)(1)(A).

Dated at Denver, Colorado May 22, 2003.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF SERVICE

Civil Case No. 03-RB-678 (MJW)

The undersigned certifies that a copy of the foregoing _Order_ was served on _May 22_, 2003, by:

(X) delivery to:

Magistrate Judge Michael J. Watanabe

Michael C. Johnson, Esq.
Assistant U.S. Attorney

( ) by electronic mail to the addressed to:

(X) depositing the same in the United States Mail, postage prepaid, addressed to:

Jim Salvator, Esq.
1643 Erin Way
Lafayette, CO 80026

_____
Deputy Clerk