UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LAURA ESTELLA SALAZAR-REGINO | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| E.M. TROMINSKI, INS DISTRICT | ) |
| DIRECTOR, ET AL., | ) |
| | ) |
| Respondents. | ) |
| | ) |

CIVIL ACTION NO. B-02-45

**RESPONDENTS' REPLY TO PETITIONER'S
NOTICE OF PERTINENT DECISION**

COME NOW, the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby file this reply to the petitioner's notice of pertinent decision, Gonzalez-Gonzalez v. Weber, Civil Action No. 03-RB-0678 (MJW), United States District Court for the District of Colorado, May 22, 2003.

The pertinence of Gonzalez-Gonzalez v. Weber is tenuous at best. Gonzalez-Gonzalez can be distinguished from this case on its facts. The only nexus between Gonzalez-Gonzalez and this

1

39

case is the "reliance" theory under which both aliens seek a grant of the petition for writ of habeas corpus.

Gonzalez-Gonzalez modified his conviction after it was determined that his conviction would prevent him from applying for a chance to remain in the United States.  At the time of the modification, the decision in his case was not administratively final.  Salazar-Regino did not make any effort to modify her conviction in order to avoid the immigration consequences of her conviction after the adverse decisions by the Fifth Circuit Court of Appeals ("Fifth Circuit") and/or Board of Immigration Appeals ("Board").  She now has an administratively final order of removal.

Salazar-Regino claims that at the time of her plea, January 7, 1997, "the plea was not considered to render her subject to deportation.  Period."  Petitioner's Response to Respondents' Objections to the Report and Recommendation of the United States Magistrate Judge at 11.  This claim is presumably based on the fact that she received deferred adjudication and that this was her first offense.

Petitioner's statement is incorrect.  At the time Salazar-Regino entered her plea, the Immigration and Nationality Act ("Act") had undergone significant changes after the enactment of Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208 110 Stat. 3546 (Sept. 30, 1996) ("IIRIRA").  Such sweeping changes called into question the

2

applicability of prior Board decisions based on the Act prior to
IIRIRA.  If Salazar-Regino had been aware of the immigration
consequences in entering her plea in her criminal case, she
should have been cautious in relying on pre-IIRIRA decisions.  If
Salazar-Regino was unaware of the immigration consequences or did
not consider them in entering her plea to the criminal charges,
then Gonzalez-Gonzalez is irrelevant.

Additionally, neither the Fifth Circuit's decision in U.S.
v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. [May 11] 2001), which
disapproved of the Board of Immigration Appeals' ("Board")
decision in Matter of K-V-D-, 22 I&N Dec. 1163 (BIA 1999)
reaffirming Matter of L-G-, 21 I&N Dec. 89 (BIA 1995) and
ignoring U.S. v. Hinjosa-Lopez, 130 F.3d 691 (5th Cir. 1997), nor
the Board's decision in Matter of Salazar-Regino, 23 I&N Dec. 223
(BIA [February 14] 2002), which found that possession of a
controlled substance was an aggravated felony, applies to
Gonzalez-Gonzalez.  He is outside the Fifth Circuit and the Board
will not apply Fifth Circuit decisions to cases arising outside
its jurisdiction.  See, Matter of Yanez-Garcia, 23 I&N Dec. 390
(BIA 2002).

Finally, the Respondents point out the obvious - Gonzalez-
Gonzalez is an unpublished Colorado District Court's opinion that
is not supported by the Circuit Court law and has no authority in
this jurisdiction.

3

Therefore, based on the foregoing, this Court should give
Gonzalez-Gonzalez v. Weber minimal, if any, weight in deciding
the issues in this case.


                              Respectfully submitted,

                              MICHAEL T. SHELBY
                              United States Attorney
                              Southern District of Texas

                              _____
                              LISA M. PUTNAM
                              Special Assistant U.S. Attorney
                              P.O. Box 1711
                              Harlingen, Texas 78551
                              Tel:  (956) 389-7051
                              Georgia Bar No. 590315
June 10, 2003                 Federal Bar No. 23937



                                   4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Reply to Petitioner's Notice of Pertinent Decision was mailed via first class mail, postage prepaid to:

> Lisa Brodyaga, Esquire
> Refugio Del Rio Grande
> 17891 Landrum Park Rd.
> San Benito, TX  78586

on this 10th day of June, 2003.

LISA M. PUTNAM
Special Assistant United States Attorney